IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESEAN KINGWOOD<br>　　　　　Petitioner,<br>v.<br>ROBERT GILMORE, *et al.*<br>　　　　　Respondents. | CIVIL ACTION NO. 20-3465 |

# ORDER

**AND NOW,** this 9th day of August 2022, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Marilyn Heffley, and all of the filings in this case, it is hereby **ORDERED** that:

　　　1.　　The R&R [Doc. No. 10] is **APPROVED** and **ADOPTED** as set forth herein; [1]

and

---

[1] On July 1, 2020, Petitioner filed a *pro se* petition under 28 U.S.C. § 2254 challenging his 2016 state conviction for attempted murder and related offenses. Magistrate Judge Heffley issued the R&R on February 25, 2021, recommending that the petition be denied as untimely. *See* R&R [Doc. No. 10] at 8. This Court approved and adopted the R&R on April 30, 2021. *See* Orders of April 30, 2021 [Doc. Nos. 11 & 12]. However, Petitioner then sought additional time to file objections, stating that he had not received the R&R. The Court vacated the orders approving the R&R and granted an extension to file objections. *See* Order May 26, 2021 [Doc. No. 14]. On Petitioner's motion, the Court then appointed counsel to represent Petitioner. *See* Order Aug. 19, 2021 [Doc. No. 20]. Upon request of counsel, the Court placed the case into civil suspense until the United States Supreme Court ruled in a then-pending case, *Shinn v. Ramirez*. *See* Order Jan. 27, 2022 [Doc. No. 24]. After the Supreme Court issued its decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), this Court removed the case from civil suspense and set a deadline of June 15, 2022 for the filing of objections. *See* Order May 24, 2022 [Doc. No. 26]. No objections have been filed.

As the R&R explained, the petition is untimely under federal law. After pleading guilty to the charges, Petitioner was sentenced on September 7, 2016, and did not file a direct appeal. Therefore, the one-year time period to file a § 2254 petition began to run on October 7, 2016, when the 30-day period to file a direct appeal expired. Petitioner filed a timely *pro se* PCRA petition in state court 360 days after that, on October 2, 2017. This stopped the federal clock with five days remaining of the one-year period. Petitioner's PCRA proceedings moved forward with appointed counsel and were completed on May 27, 2020, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Petitioner had five days left to file his federal petition, but did not place the petition for mailing until July 1, 2020. This date, which is treated as the date the petition was filed, was a month too late. The R&R fully considered and correctly concluded that Petitioner's asserted neurocognitive impairments do not provide a basis for equitable tolling. Petitioner does not argue that he exercised due diligence but could not learn of the Pennsylvania Supreme Court's order in time to file the Petition within the one-year period or otherwise

2. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

                                              **BY THE COURT:**

                                              **/s/ Cynthia M. Rufe**

                                              _____
                                              **CYNTHIA M. RUFE, J.**

---

demonstrates any exceptional circumstances that prevented him from timely filing the Petition. The Supreme Court's ruling in *Ramirez*, which strictly interprets the AEDPA and expressly limits the circumstances under which federal district courts can hold evidentiary hearings in cases asserting ineffective assistance of counsel in post-conviction proceedings, provides no basis for relief to Petitioner.